UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:20-CV-00651

WINDY SHANE,

    Plaintiff,

v.

JF FITNESS OF NORTH AMERICA, LLC
d/b/a CRUNCH FITNESS,

    Defendant.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff Windy Shane ("Plaintiff"), by and through undersigned counsel, complains of Defendant JF Fitness of North America, LLC d/b/a Crunch Fitness ("Defendant") and alleges the following:

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Windy Shane, who was adversely affected by the practices. Plaintiff alleges that Defendant terminated her because of her age.

## THE PARTIES

1. At all times relevant, Plaintiff Windy Shane is over the age of 40 and a resident of Charlotte, North Carolina.

2. Until the day of Plaintiff's termination, March 4, 2020, she was at all relevant times employed by Defendant as Vice President of Sales in this judicial district.

3. At all times relevant, Plaintiff was Defendant's "employee" as within the

meaning of 29 U.S.C.§ 630(f).

4. Defendant JF Fitness of North America, LLC d/b/a Crunch Fitness is a corporation organized and existing under the laws of the State of Virginia with its principal place of business in Richmond, Virginia.

5. At all relevant times, Defendant has continuously been an "employer" within the meaning of 29 U.S.C. § 630(b) as Defendant is "engaged in an industry affecting commerce" that "has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

6. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the City of Charlotte and has continuously had at least 20 employees.

7. At all times relevant, Mr. John Freeland ("Mr. Freeland") is the Defendant's President and Founder and thus, acted on behalf of Defendant.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-34 (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA") as amended, 29 U.S.C. §§ 216(c) and 217.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(d) because Defendant transacts business within this district and the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the

Western District of North Carolina.

## PROCEDURAL STATUS

10. On July 1, 2020, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that she had been subjected to disparate treatment because of her age, in violation of the ADEA.

11. On August 26, 2020, Plaintiff received a Notice of Right to Sue from the EEOC.

12. All administrative remedies have been exhausted and conditions precedent satisfied.

13. This action is timely filed.

## FACTS

14. Plaintiff was employed within the fitness industry for over 20 years before beginning her employment with Defendant.

15. In early 2018, Mr. Freeland, the Defendant's President and Founder, approached Plaintiff and asked her to work for Defendant as Vice President of Sales in Charlotte, North Carolina.

16. In May 2018, Plaintiff accepted the position and relocated to Charlotte, North Carolina to fulfill her role in the Southeast region.

17. As Vice President of Sales for Defendant, Plaintiff's responsibilities included all aspects of opening various new gym locations throughout the Southeast for Defendant, including (1) recruiting, hiring, and training high-performance teams within each region and throughout the Defendant's organization; (2) creating short- and long-term plans to achieve success in company

3

financial objectives and goals; and (3) developing marketing strategies and techniques for new locations.

18. After Plaintiff accepted the position, Plaintiff learned that Mr. Freeland had a silent business partner named Walker Gorham ("Mr. Gorham"). Plaintiff was told that Mr. Gorham did not participate in the day-to-day business and was considered a "silent partner."

19. For the first 6 months of Plaintiff's employment, Mr. Gorham appeared to be just that. Plaintiff communicated with Mr. Freeland regarding her job duties.

20. After approximately 6 months of employment however, Mr. Gorham steadily became a part of Defendant's day-to-day business practices.

21. For example, Mr. Gorham requested that he be involved in certain hiring decisions associated with opening new gym locations.

22. When involved in those hiring decisions, Mr. Gorham demonstrated favoritism toward younger candidates.

23. After getting involved with Defendant's day-to-day business, Mr. Gorham also repeatedly demonstrated favoritism for younger employees. Without consulting with Plaintiff, Mr. Gorham would meet with younger employees that Plaintiff managed and discuss opportunities for their advancement.

24. During her employment with Defendant, Plaintiff received positive written and verbal performance feedback.

25. During her employment with Defendant, Plaintiff did not receive negative job performance reviews.

26. In December 2019, a mere 4 months before her termination, Plaintiff received a positive job performance review from Mr. Freeland, her direct supervisor while working for Defendant.

27. As a result of Plaintiff's positive job performance review, Plaintiff received a three percent (3%) bonus pay increase.

28. Despite the positive performance reviews and the subsequent bonus, Plaintiff was terminated on March 4, 2020 by Mr. Freeland, on behalf of Defendant, based on her age.

29. During the meeting at which Plaintiff was terminated, Mr. Freeland claimed that the job duties related to Plaintiff's position were going to be "consolidated."

30. During the meeting at which Plaintiff was terminated, Mr. Freeland claimed that Mr. Gorham was pressuring him to "consolidate" and terminate Plaintiff.

31. Both during and after the meeting, Plaintiff understood that she had been terminated from her position.

32. Plaintiff did not resign or otherwise quit her position with Defendant.

33. After Plaintiff's termination, Mr. Freeland sent a written communication to Plaintiff's co-workers, who also worked for Defendant, stating that Plaintiff "decided to leave the company." The communication also stated, "Windy has had a significant impact on our business over the last 18 months, as we more than doubled the number of clubs. She has always brought a high-energy, enthusiastic style to her work, and we will miss her as a leader."

34. On March 5, 2020, the day after Plaintiff's termination, Mr. Freeland, Mr. Gorham, and Defendant transitioned Plaintiff's job duties and responsibilities to a young woman who was approximately 25 years of age.

35. Plaintiff's position with Defendant was filled by an individual who was outside the protected age group and was substantially younger than Plaintiff.

36. After Plaintiff learned about Mr. Freeland's communication to her co-workers stating that she quit voluntarily and that her job duties had been reassigned to a younger individual, Plaintiff reached out to Defendant to express her concerns.

37. In response, Defendant communicated to Plaintiff that Defendant terminated Plaintiff for cause due to poor job performance.

38. However, prior to her termination, Plaintiff had not received any negative performance reviews from Defendant.

39. In fact, prior to her termination, Plaintiff was performing her job duties at a level that met Defendant's legitimate expectations.

40. The effect of Defendant's practices complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

41. Defendant's unlawful employment practices complained of herein were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

42. Defendant's unlawful employment practices complained of herein were done with malice or with reckless indifference to Plaintiff's federally protected rights.

## CLAIM FOR RELIEF
**(Discrimination Based Upon Age)**

43. Plaintiff realleges and incorporates each and every one of the above allegations herein by reference.

6

44. Defendant, acting through its managers, employees, and agents, intentionally terminated Plaintiff because of her age in violation of the Age Discrimination in Employment Act.

45. Defendant's actions caused Plaintiff to suffer loss of employment, economic losses, and loss of other employment benefits. Defendant's actions caused Plaintiff to suffer and continually causes Plaintiff to suffer lost benefits and entitlements, damage to her career, pain and suffering, humiliation, and emotional distress.

46. The acts and omissions committed by Defendant, by and through its managers, employees, and agents, were willful, intentional, and in deliberate disregard of Plaintiff's rights.

47. Plaintiff is entitled to receive all backpay, front pay, benefit coverage, interest, emotional distress damages, compensatory damages, punitive damages and reasonable attorney's fees for violations of the Age Discrimination in Employment Act.

48. As a direct and proximate result of Defendant's improper misconduct by and through its managers, employees, and agents, Plaintiff has suffered and will continue to suffer damages which include: loss of employment, economic losses, loss of other employment benefits and entitlements, damage to her career, pain and suffering, mental anguish, humiliation, and emotional distress justifying injunctive and monetary relief in conformity with the Age Discrimination in Employment Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a trial by jury and seeks the following relief:

1. A permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making employment decisions based on

age, and from any other employment practice which discriminate on the basis of age against individuals 40 years of age or older;

2. An order ordering Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older, which eradicate the effects of its past and present unlawful employment practices;

3. A judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Plaintiff, whose wages are being unlawfully withheld as a result of the acts complained of above;

4. An Order instructing Defendant to make whole Plaintiff, who was adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring, reinstatement and/or front pay;

5. That Plaintiff has and recovers her reasonable attorney's fees to the extent the law allows;

6. That Plaintiff recovers punitive damages;

7. That the cost of this action be taxed against the Defendant; and

8. Any other relief the Court deems just and proper.

Dated: November 24th, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**WEAVER, BENNETT & BLAND, P.A.**

　　　　　　　　　　　　　　　　　　　By:　/s/ Abbey M. Krysak
　　　　　　　　　　　　　　　　　　　　　Abbey M. Krysak

8

NC Bar No. 46281
196 N. Trade St.
Matthews, NC 28105
akrysak@wbbatty.com
Tel: (704) 844-1400
Fax: (704) 845-1503
*Counsel for Plaintiff*

9